```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

OLARU COSTINEL                            CIVIL ACTION

VERSUS                                    NO: 10-1567

TIDEWATER, INC. ET AL.                    SECTION: "J" (3)
```

**ORDER AND REASONS**

Before the Court is Defendants T. Benetee, LLC, and Tidewater, Inc.'s **Motion for Summary Judgment or Motion to Dismiss on Basis of Forum Non Conveniens (Rec. Doc. 15)**, Plaintiff's **Opposition (Rec. Doc. 20)**, Defendants' **Reply (Rec. Doc. 29),** and **Plaintiff's Sur-reply (Rec. Doc. 38)**. Plaintiff also filed a **Motion to Strike** Affidavit of Gillian Susan Belsham **(Rec. Doc. 33)**, to which Defendant filed an Opposition (Rec. Doc. 26). Defendants filed Objections to Affidavit Exhibits to Plaintiff's Sur-reply.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

Plaintiff, Olaru Costinel, a Romanian citizen, entered into a contract with E.M.C.S. Limited ("EMCS") to work aboard the M/V SEA HERO, a vessel owned by T. Benetee, L.L.C. Plaintiff's contract with EMCS calls for the application of the law of the

1

Isle of Man and for jurisdiction in the courts of the Isle of Man. "The Terms of Business for the Supply of Riding Squads or Shipyard Related Workers," pursuant to which Plaintiff would work aboard the M/V SEA HERO, also calls for the application of the law of the Isle of Man and for jurisdiction in the courts of the Isle of Man.

On May 25, 2010, Plaintiff filed a complaint for damages against Tidewater Inc. and T. Benetee, L.L.C. in this Court (Rec. Doc. 1). Plaintiff seeks to invoke this Court's subject matter jurisdiction pursuant to the Jones Act, 46 U.S.C. § 30104, and 28 U.S.C. § 1333. Plaintiff alleges that he was employed as a seaman by Tidewater, Inc. and that he worked aboard the M/V SEA HERO, while that vessel was in the waters of Nigeria. Plaintiff admits that he was and is a Romanian citizen. Plaintiff claims that he contracted malaria while working in Nigeria and that he suffered permanent paralysis in his left arm and his lower body. Plaintiff's employment in Nigeria started on or about May 21, 2007 and ended on or about June 23, 2007. Plaintiff alleges that Tidewater is liable to him under the Jones Act and under the general maritime law doctrine of unseaworthiness. Plaintiff further asserts claims for punitive damages and maintenance and cure. In his complaint, Plaintiff admits, in the alternative, that "foreign law recognizes both a cause of action and a

recovery to the same extent or greater than those of the United States of America" (Rec. Doc. 1, at 4). On August 9, 2010, Tidewater filed its answer and defenses, including the Jones Act exclusion and forum non conveniens defenses.

**THE PARTIES' ARGUMENTS:**

Defendants Tidewater, Inc. and T. Benetee, L.L.C. assert that Plaintiff's claims should be dismissed under the Jones Act Exclusion, 46 U.S.C. § 30105.  This section of the Jones Act, titled Restriction on Recovery by Non-citizens and Non-resident Aliens for Incidents in Waters of Other Countries, provides:

> **(a) Definition.**--In this section, the term "continental shelf" has the meaning given that term in article I of the 1958 Convention on the Continental Shelf.
>
> (**b) Restriction.**--Except as provided in subsection (c), a civil action for maintenance and cure or for damages for personal injury or death may not be brought under a maritime law of the United States if–
>
> **(1)** the individual suffering the injury or death was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action;

**(2)** the incident occurred in the territorial waters or waters overlaying the continental shelf of a country other than the United States; and

**(3)** the individual suffering the injury or death was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral or energy resources, including drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment, or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces.

**(c) Nonapplication.**--Subsection (b) does not apply if the individual bringing the action establishes that a remedy is not available under the laws of–

**(1)** the country asserting jurisdiction over the area in which the incident occurred; or

**(2)** the country in which the individual suffering the injury or death maintained citizenship or residency at the time of the incident.

46 U.S.C. § 30105.

Plaintiff does not dispute that his case falls under the Jones Act exclusion at least as to part 30105(b); instead, Plaintiff chooses to attack Defendants' position by arguing that his case qualifies for an exception to the exclusion found in § 30105(c).  Section 30105(c) provides for the non-application of § 30105(b) if Plaintiff can show that a remedy is not available under the laws of either Nigeria, the site of the injury, or Romania, Plaintiff's country of citizenship.

Defendants assert that Plaintiff cannot sustain his burden of showing that no adequate remedies are available to him under the laws of Nigeria or Romania such that the Jones Act exclusion would not apply.  Defendants then seek to affirmatively show how adequate remedies are available to Plaintiff under the laws of Nigeria or Romania, particularly relying on the affidavit of Gillian Susan Belsham, a duly qualified solicitor practicing in the field of maritime law who sought opinions from both Romanian and Nigerian practitioners (Rec. Doc. 15, Exhibit 5).  Ms. Belsham concludes, upon advice of counsel and upon her review of Romanian and Nigerian law, that Plaintiff would be able to bring a negligence suit against the vessel owner and operators in either jurisdiction and that, if successful, the Plaintiff would receive compensatory damages as well as damages for pain and suffering.

5

Plaintiff urges that Defendants have offered no concrete evidence that a remedy is available in either Nigeria or Romania. Furthermore, Plaintiff asserts that the affidavit submitted by Defendants in support of their position is ineffective in supporting Defendants' argument and moves to strike it (Rec. Doc. 33).  In Plaintiff's Memorandum in Support of Motion to Strike (Rec. Doc. 33), Plaintiff argues that Ms. Belsham's affidavit violates F.R.C.P. Rule 56(c), which requires that affidavits and declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

In the alternative, Defendants seek dismissal on the grounds of forum non conveniens. Among the many reasons Defendants present for dismissal on these grounds, Defendants argue that Plaintiff has many options for other available and adequate forums, pointing to several forums whose law might be held to resemble American or Louisiana law.  First, Defendants urge that Plaintiff has available and adequate forums for this suit in England, Nigeria, and the Isle of Man because all are systems based on English law.  Furthermore, the Defendants assert that Romania is an adequate and available forum for Plaintiff because it is the Plaintiff's country of citizenship, and because Romania has a Civil Code modeled on the Napoleonic Code. Additionally,

Defendants urge that the private interest factors favor Defendants' motion. Defendants note that sources of proof are largely located outside of the United States, meaning that access to these sources will be more difficult. Plaintiff's medical records and the health care providers that initially treated him are located in Nigeria and Romania.  EMCS is located on the Isle of Man.  Witnesses of Plaintiff's illness in Nigeria will be located largely outside of the United States.  Defendants also urge that while the vessel owner is a Louisiana limited liability company, it is unlikely that much proof will need to be obtained from the vessel owner in this case.

   Defendants further urge that the cost and difficulty to obtain the attendance of witnesses will be significant. It will be both time consuming and expensive to compel the attendance of willing and unwilling witnesses overseas, and Defendants urge that these witnesses cannot be compelled to appear for deposition or trial in the U.S. absent significant cost and effort. Additionally, Defendants argue that interpreters will likely be needed and it would be easier to obtain such interpreters outside of the United States.  Finally, Defendants contend that even Plaintiff will be spared efforts and cost by dismissal because he will be spared the cost of travel to the U.S. to appear for deposition and trial.

Defendants also argue that the significant time, expense and delay associated with the obtaining foreign sources of proof will negatively impact this court by causing this case to remain on the docket longer.  Additionally, Defendants assert that the application of foreign law will burden on this court.

Plaintiff argues that Defendants have not met their burden on this motion to dismiss for forum non conveniens to establish that there is an adequate alternative forum and that the balance of private and public interest factors favor dismissal. Plaintiff contends that the alternative forums suggested by Defendants cannot provide justice to Plaintiff. According to Plaintiff, Nigerian judiciary is tainted with corruption. Plaintiff attaches an affidavit of a Romanian lawyers who attests that he is unaware of any cases where a Romanian citizen has ever been able to bring a claim against an American vessel owner. Finally, Plaintiff argues that Defendants failed to show that the Isle of Man is an adequate alternative forum.

Additionally, Plaintiff claims that neither the public nor private factors favor dismissal. Plaintiff asserts that the case will require only his own deposition and the deposition of the M/V SEA HERO captain–an American citizen. The necessary documents would also be readily available and will consist of the Seaman's Articles, vessel boarding documents, and Plaintiff's medical

8

records. Further, Plaintiff argues that this forum has an interest in actions of an America corporation that negligently exposed crewmembers to malaria.

**DISCUSSION:**

    **Summary Judgment Standard**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." <u>Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.</u>, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." <u>Delta</u>, 530 F.3d 399.

If the dispositive issue is one on which the moving party

will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

**Jones Act Exclusion**

It is undisputed that Defendants have established the requirements of 46 U.S.C. § 30105(b). Plaintiff is clearly a non-

citizen; the injury occurred within the territorial waters or waters overlaying the continental shelf of Nigeria; and Plaintiff was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral or energy resources, as required by the statute. As the language of the statute unambiguously indicates, Plaintiff then has the burden of showing the Jones Act exclusion does not apply because no remedy is available under the laws of Nigeria or Romania. Because the burden in this case is on the nonmoving party, Defendants must merely show that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. Plaintiff offers no evidence that he has no remedy under either Nigerian or Romanian law. In fact, in his Complaint, Plaintiff admits that "foreign law recognizes both a cause of action and a recovery to the same extent or greater than those of the United States of America" (Rec. Doc. 1, at 4).

Additionally, Defendants offer Gillian Belsham's Affidavit, which Plaintiff seeks to strike. However, Fed. R. Civ. P. 44.1 states, in pertinent part, that:

> In determining foreign law, the court may consider any
> relevant material or source, including testimony,

whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

The Court, therefore, must deny Plaintiff's Motion to strike as Ms. Belsham's affidavit may properly be considered in determining the issues of foreign law. In this affidavit, Ms. Belsham concludes that there are adequate remedies under the laws of both countries in question. The Republic of Romania is a democratic state and a member of the European Union. Its legal tradition stems from a civil law system. Romanian law provides a remedy to those who timely make their claims. There are remedies under the laws of Nigeria, which, as a former British colony, uses a common law system based on that of England and Wales. Accordingly, Plaintiff cannot meet his burden to prove the exception to the Jones Act exclusion.

**Forum Non Conveniens**

"The doctrine of forum non conveniens presupposes at least two forums where the defendant is amendable to process and simply furnishes criteria for choice between them." <u>McLennan v. American Eurocopter Corp., Inc.</u>, 245 F.3d 403, 424 (5th Cir. 2001). The defendants bear the burden of proof on all elements of the forum

non conveniens analysis.  DTEX, LLC v. BBVA Bancomer, S.A., 508 F.3d 785, 794 (5th Cir. 2007).  "Ordinarily a strong favorable presumption is applied to the plaintiff's choice of forum." Id. at 795.  "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Defendants seeking dismissal on the basis of forum non conveniens must first establish that there is an alternate forum that is both available and adequate. McLennan, 245 F.3d at 424; see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981). "A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum." Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 221 (5th Cir. 2000). "A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." Id.

When analyzing whether Plaintiff may avail himself of an exception to the Jones Act exclusion provision, the Court concluded that Plaintiff has not met his burden in showing that no remedy is available under Romanian, Nigerian, or Manx law.

However, the inquiry into the adequacy of the alternate forum on motion to dismiss for forum non conveniens goes a step beyond merely establishing whether a *remedy* is available. Forum non conveniens analysis mandates Defendants to show that the *forum* is adequate and available. Although Romania and Nigeria, as well as the Isle of Man, may theoretically provide Plaintiff a remedy, Defendant must show that Plaintiff can practically get justice and recourse in the proposed alternative forum.

   Defendants have not met their burden in establishing that the proposed alternate forums are available and adequate. Defendants assert that Plaintiff's case could be brought in Romania, Nigeria, the Isle of Man, and England.  To support the contention that Nigeria is an adequate forum, Defendants cite Sector Navigation Co. v. M/V Captain P, 06-1788, 2007 WL 854311 (E.D.La. Mar. 15, 2007), and an English lawyer's affidavit to argue that Nigeria's law is based on English law and provides maritime remedies.  The Sector Navigation order only discusses one form of maritime action available in Nigerian court-- limitation of liability-- an action to be maintained by the shipowner, not a seaman, and does not show that Nigerian law will recognize Plaintiff's potential causes of action.  Furthermore, the affidavit provided, although sworn to by an attorney

14

experienced in international law, does not rely on personal knowledge of how Nigerian law is administered, nor does it explain with specificity whether Nigerian courts are available and adequate. On the other hand, Plaintiff offers an affidavit of a Nigerian lawyer, who opines that the judicial process in Nigeria "subjects litigants to the unrestrained whims and caprices of the judicial officers most of whom act out of improper and corrupt motives" (Rec. Doc. 38, at 14).

Regarding Romania as a forum, Defendants again fail to sustain their burden. Defendants rely almost entirely on the affidavit by Gillian Belsham in support of their argument. While the affidavit by Ms. Belsham is more specific with regard to Romanian law, it is still not sufficient to show that Romania is an available and adequate forum. Ms. Belsham asserts no personal knowledge of how Romanian law is applied by Romanian courts. Something more is required to convince the Court that Romania is both available and adequate, particularly in light of Plaintiff's submitted affidavit, sworn to by a Romanian lawyer, which states that the lawyer is unaware of any cases where a Romanian citizen has ever been able to bring a claim against an American vessel owner.

As for the Isle of Man, Defendants rely again solely on Ms.

Belsham's affidavit. Ms. Belsham merely reviews Manx written law, without addressing whether Plaintiff will be able to get recourse in that jurisdiction. Finally, Defendants assert that England is an appropriate alternate forum.  Ms. Belsham's affidavit helpfully suggests that England might be appropriate as a forum because the English court system is more familiar internationally. Such assertions alone do not appear convincing, as Defendants offer no evidence that England would be an available forum for Plaintiff. Moreover, even though England may be appropriate and adequate, the second part of the analysis below still favors Plaintiff.

    Even if the moving party carries its burden of establishing an alternate forum that is both adequate and available, then the defendant is charged with showing that dismissal is warranted because certain private and public interest factors weigh in favor of dismissal. Karim v. Finch Shipping Co., Ltd._, 265 F.3d 258, 268 (5th Cir. 2001). The private interest factors are:

    relative ease of access to sources of proof; [the] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witness[es]; [the] possibility of view of premises, if view would be appropriate to the action;

>and all other practical problems that make trial of a case easy, expeditious and inexpensive.

McLennan, 245 F.3d at 424. The public interest factors are:

>the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Piper Aircraft Co., 454 U.S. at 241 n.6 (quoting Gulf Oil, 330 U.S. at 509). "In the second step analysis, no one factor is given conclusive weight, but the 'central focus' of the forum non conveniens inquiry is on convenience." Oyuela v. Seacor Marrine (Nigeria), Inc., 290 F.Supp.2d 713, 725 (quoting Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 342 (5th Cir. 1999).

Consideration of the private and public interest factors also warrant denial of Defendants' motion.  Regarding the private factors, the Court finds that the balance is in favor of the Plaintiff's choice of forum.  First, both Defendants have

17

significant Louisiana connections.  Secondly, while Plaintiff is a Romanian citizen, he is currently in the United States for medical treatment. Furthermore, Plaintiff is in dire financial crisis and will be unable to travel outside of Romania to prosecute his case. Thirdly, the sources of proof in this case may be found in a variety of forums, including Romania and Nigeria and any other locale from which an international seaman, a potential witness, might hail.  Given that the variety of locations where sources of proof might be found, there is no reason why the United States is any less convenient than Defendants' proposed forums as international travel may be required in almost any scenario. Moreover, Defendants have not shown specifically where any of the sources of proof are in order to convince the Court that any other forum is more convenient than this Court. Plaintiff, on the other hand, argues that the only depositions that will be required are of Plaintiff and another American citizen–the captain of the M/V SEA HERO. As for the necessary documents, Plaintiff attests that these will include the Seaman's Articles, vessel boarding documents showing where Plaintiff boarded the vessel and when he received medications, along with Plaintiff's medical records–all of which are available in this forum. Plaintiff's current treating physician is located in Covington, LA. Hence, it appears to the

Court that of all suggested forums, this Court can expeditiously and least expensively administer this litigation.

The public interest factors also weigh in favor of the Plaintiff's choice of forum.  Both Defendants have Louisiana connections. The vessel is America-flagged and the captain is believed to be American. Louisiana has a strong interest in policing the behavior of its corporations, and Louisiana citizens have a strong interest in seeing that Louisiana corporations treat their employees fairly. Overall, considering that the crux of the analysis is convenience, the Court now concludes that this forum is the most convenient for the parties, as well as the public.

Accordingly, **IT IS ORDERED** that Defendants' **Motion for Summary Judgment** on Plaintiff's Jones Act claims is **GRANTED. IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss for Forum Non Conveniens (Rec. Doc. 15)** is **DENIED. IT IS FURTHER ORDERED** that Plaintiff's **Motion to Strike** Ms. Belsham's affidavit is **DENIED. IT IS FURTHER ORDERED** that Defendants' Objections to Affidavit Exhibits to Plaintiff's Sur-reply are **OVERRULED**.

New Orleans, Louisiana this 2nd day of February, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

19