UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COSTINEL OLARU                          CIVIL ACTION

VERSUS                                  NO: 10-1567

TIDEWATER, INC., and T.                 SECTION: "J" (3)
BENETEE, LLC

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Strike Jury Demand
(Rec. Doc. 107) and Defendants' Opposition (Rec. Doc. 114), on
supporting memoranda without oral argument.  Upon review of the
motion, the legal memoranda, the record, and the applicable law,
the Court finds that the motion should be GRANTED.

Federal Rule of Civil Procedure 39 provides, in pertinent
part, that when a jury trial has been demanded, the trial must be
by jury unless the parties agree to a nonjury trial, or "the
court, on motion or on its own, finds that on some or all of
those issues there is no federal right to a jury trial."
Plaintiff demanded a jury trial in his complaint.  Rec. Doc. 1,
at 5.  However, the Court may determine whether as to any issue
there is the federal right to a jury trial.  F.R. Civ. P.
39(a)(2).  Further, the Court may make such a finding upon its

own motion, see id., so the fact that the Magistrate Judge has disallowed amendment to the complaint to remove the jury demand is of no moment.  Therefore, whether this Court conducts the trial as a jury or bench trial depends upon the existence *vel non* of the federal right to a jury trial.

Jury trials have historically been excluded for admiralty suits.  Becker v. Tidewater, Inc., 405 F.3d 257, 259 (5th Cir. 2005).  Moreover, "it is uncontested that admiralty jurisdiction gives no right to a jury trial."  Rachal v. Ingram Corp., 795 F.2d 1210, 1216 (5th Cir. 1986).  There are exceptional circumstances in which a case involving admiralty claims may involve the right to a jury trial.  First, where the plaintiff brings a Jones Act claim, the mere fact that it is appended to an admiralty claim does not defeat the statutory right to a trial by jury applicable to Jones Act claims.  See id. at 1213 ("When non-jury admiralty claims are joined in the same action, they are treated as pendent to the Jones Act claim, and are tried together for convenience.").  However, in this case, the Court in its Order and Reasons (Rec. Doc. 44) dismissed Plaintiff's Jones Act claims; thus any putative right to a jury trial cannot be based on the Jones Act statutory grant.

Second, where the Plaintiff specifically invokes the federal court's diversity jurisdiction in his complaint, the right to trial by jury under the Seventh Amendment exists.  Luera v. M/V

2

<u>Alberta</u>, 635 F.3d 181, 188 (5th Cir. 2011). However, in this case, Plaintiff did not invoke diversity jurisdiction in his complaint. <u>See</u> Rec. Doc. 1. The existence of diversity jurisdiction "in fact" is unavailing. <u>See</u> <u>Becker v. Tidewater,</u> <u>Inc.</u>, 405 F.3d 257, 259 (5th Cir. 2005) (stating that "the possible factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction."). Plaintiff, as the "master of his complaint," had "the exclusive power to invoke diversity jurisdiction." <u>Id.</u> Therefore, in this case, there is no right to trial by jury based on diversity.

Plaintiff argues that he designated his claims as admiralty claims under Rule 9(h), and therefore Rule 38(e) denies the right to a trial by jury on such claims cognizable only in admiralty. Defendants argue that Plaintiff could not have properly made the Rule 9(h) election because this case does not fall within maritime jurisdiction. Namely, the maritime "situs" and "nexus" tests are not met. They argue that the situs test is not met because Plaintiff was transiently on a vessel, and it is unclear whether the alleged injury occurred on navigable water or land. They argue that the nexus test is not fulfilled because Plaintiff's alleged contraction of malaria while he was a land-based worker is not maritime in nature. Even if this is true, such that Plaintiff did not invoke Rule 9(h), Defendants do not have the right to a jury trial. Plaintiff did not invoke

diversity jurisdiction.  Plaintiff's jury demand was based on its Jones Act claims, which have been dismissed.  The decision rendered in <u>Cenac Towing Co., Inc. v. Neal</u>, 2008 U.S. Dist. LEXIS 6381 (E.D. La. Jan. 29, 2008), which is cited by Defendants, is inapposite here because in <u>Neal</u> the defendant had demanded a jury trial in its answer.  Civil Action No. 07-1458, Rec. Doc. 28, at 3.  Defendants in this case did not make a jury demand.  Absent a timely demand, they waived the right to a jury trial.  <u>See</u> F.R. Cɪᴠ. P. 38(d).

Further, the Court agrees with Plaintiff that Defendants are not unfairly prejudiced by allowing Plaintiff to withdraw his jury demand.  *Defendants* successfully moved for this Court to dismiss Plaintiff's Jones Act claims—the very claims that previously formed the basis of Plaintiff's right to jury trial.  Because Defendants successfully sought to remove the statutory basis of Plaintiff's right to jury trial, the Court is not persuaded by their allegation that prejudice will result from conversion of this trial to a bench trial.

It might be argued that conversion of a case from a bench trial to a jury trial shortly before trial could be prejudicial.  However, the opposite does not follow.  It is difficult to conceive how converting this case from a jury trial to a bench trial will prejudice the Defendants at all.  Presumably, the same witnesses and exhibits will be used at trial.  If anything,

4

counsel will be relieved from preparing opening statements and closing arguments.  Some of the trial evidence may be presented by deposition or stipulated reports, but this will hardly prejudice the Defendants.

The outcome may have been different if Plaintiff had invoked diversity jurisdiction in his complaint.  The court in <u>Johnson</u> held that where the defendant had relied upon the plaintiff's jury demand, the court would protect the defendant's right to jury trial, where the plaintiff had invoked federal jurisdiction based on the Jones Act and diversity of citizenship.  <u>Johnson v. Penrod Drilling Co.</u>, 469 F.2d 897, 902-03 (5th Cir. 1972).  However, Plaintiff in this case invoked maritime jurisdiction and the Jones Act.  The Jones Act claims were the only basis for the right to a jury trial.  It was a statutory right, and it was eliminated when this Court dismissed Plaintiff's Jones Act claims.  Thus Defendants cannot successfully claim reliance on Plaintiff's jury demand.  The Court holds that Defendants do not have the right to a jury trial.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Jury Demand (Rec. Doc. 107) be and is hereby **GRANTED** and that this matter be designated on the docket as a non-jury action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Reply (Rec. Doc. 116) is **DENIED** as moot.

New Orleans, Louisiana, this 13th day of September, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE