UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COSTINEL OLARU | CIVIL ACTION |
| VERSUS | NO: 10-1567 |
| TIDEWATER, INC., and T. BENETEE, LLC | SECTION: J(3) |

**ORDER AND REASONS**

Before the Court is Defendants' **Motion for Reconsideration (Rec. Doc. 118)**. The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). Id.; FED. R. CIV. P. 59(e). However, if the motion is filed more than twenty-eight days after the judgment, but not

1

more than one year after the entry of judgment, it is governed by Rule 60(b).  Id.; FED. R. CIV. P. 60(c).  In the present case, Defendants' Motion for Reconsideration (Rec. Doc. 118) was filed on September 13, 2011, which is within twenty-eight days from the order (of that same date) (Rec. Doc. 117) that this matter proceed as a bench trial.  As a result, Defendants' Motion for Reconsideration (Rec. Doc. 118) is treated as a motion to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts.  Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004).  A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence."  Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003).  Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'"  In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see

also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In this case, Defendants do not rely on an intervening change in controlling law since the Court's September 13, 2011 Order and Reasons (Rec. Doc. 117). Moreover, Defendants have not

pointed to any newly discovered evidence previously unavailable, nor have they established a manifest error of law or fact. The Court finds that Defendants' reasons for seeking reconsideration are based on evidence and arguments previously heard and considered by the Court, and the Court's previous ruling was not based on an erroneous view of the law or an erroneous assessment of the evidence. Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Reconsideration (Rec. Doc. 118)** is **DENIED**.

New Orleans, Louisiana, this 14th day of September, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE